# Franz, Appellant, *v.* Bernhard.

*Equity—Discovery—Attachment execution—Appeals—Paper-books.*

1. Where an attachment execution has been issued on a judgment of a justice of the peace filed in the common pleas and interrogatories thereto have been answered by the garnishees, the plaintiff has no standing to file a bill in equity against the defendant and garnishees for discovery when he has already obtained by the answers to the interrogatories all the discovery he is entitled to and now seeks to obtain by the bill. The plaintiff in such a case has an adequate remedy at law, and his bill on demurrer will be dismissed.

2. On an appeal taken from the decree dismissing the demurrer, the appellant's paper-book is defective if it does not contain a copy of the interrogatories and answers made a part of the bill by reference.

Argued Oct. 21, 1914. Appeal, No. 166, Oct. T., 1914, by plaintiff, from decree of C. P. No. 5, Phila. Co., Sept. T., 1913, No. 1,993, dismissing bill in equity in case of Minna Franz v. Mary Bernhard et al. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for discovery.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*Roland R. Foulke,* for appellant.—A bill of discovery will lie against the garnishees: Shaffer v. Watkins, 7 W. & S. 219; People's Nat. Bank v. Kern, 193 Pa. 59; Dock v. Dock, 180 Pa. 14; Bains v. Goldey, 35 Pa. 51.

*C. A. Sowers,* for appellee, filed no printed brief.

OPINION BY RICE, P. J., December 7, 1914:

The plaintiff obtained a judgment against Mary Bernhard for $20.50 before a magistrate. A transcript was filed in the common pleas, an attachment execution was issued and interrogatories were filed to which the garnishees filed answers. After a plea was filed by them and the issue was ordered for trial the plaintiff filed the present bill against the defendant and the garnishees. The case is before us by the plaintiff's appeal from the decree sustaining the demurrer and dismissing the bill.

Shaffer v. Watkins, 7 W. & S. 219, is cited for the proposition that under secs. 9 to 18 of the Act of June 16, 1836, P. L. 763, a bill of discovery in aid of execution will lie against the garnishee in an attachment execution. Doubtless the case may be appropriately cited for that purpose, but it does not touch the question before us in the present case. Here, the bill was not filed until after the garnishees had answered the interrogatories in the attachment execution proceeding and pursuant to rule upon them had pleaded. In view of this state of the record the learned president judge of the common pleas said: "The parties who are defendants in the bill are the same parties who were served with interrogatories in the attachment execution, and on the trial of the issue raised by the plea in that proceeding they may be examined as witnesses. Plaintiff has a full

and adequate remedy at law, and, therefore, there is no necessity for the relief prayed for in the bill." Moreover, if the interrogatories that had been answered were the same as those which were filed with the bill and which it is the object of the bill to compel the garnishees to answer, we fail to see wherein the statutory remedy which the plaintiff has elected to pursue is not adequate. Why should they be put to the trouble and expense of answering the same interrogatories again? or why should they be put to the trouble and expense of a second proceeding when under the one that the plaintiff had chosen all the discovery that she was entitled to might have been obtained? The question is fairly raised by the demurrer and particularly by the third paragraph where it is stated that the plaintiff had a full, true and complete remedy, took advantage of the same and obtained full discovery of all the facts she now seeks to ascertain. The interrogatories and answers filed in the attachment proceeding, as well as the interrogatories filed with the bill, having been made part of the bill by reference, were properly cognizable by the court in disposing of the demurrer. As the interrogatories and answers referred to are not printed in the appellant's paper-book we may assume that counsel deem it immaterial in the present inquiry what they are. But we cannot take that view. We think they are material in the determination of the question raised by the demurrer and particularly by that paragraph of it to which we have referred. It was incumbent on the plaintiff to show that the court committed error in remitting her to the statutory remedy she had elected to pursue and this is not shown by the records as presented to us.

The decree is affirmed at the costs of the appellant.