## Meltzer, Appellant, *v.* Kushin et al.

Argued April 24, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Joseph Gross,* with him *Sidney E. Jaffe,* for appellant.

*Benjamin H. Levintow,* for appellee.

Opinion by Mr. Justice Patterson, May 12, 1941:

David Meltzer, appellant, an operative builder, filed a bill in equity asking discovery of detailed information from the accounts and records of appellees, Nathan Kushin et al., which he averred he "needs to know" in order to prepare for the trial of one of two actions at law, instituted by him to recover sums of money allegedly due him from appellees as agents for him in financing and supervising certain building operations in the City of Philadelphia during the years 1927 to 1929, and to prepare his statement of claim in the other. Appellees filed a responsive answer, asserting that "all of the matters for which discovery is requested are within the knowledge of the complainant" and that "these proceedings are not instituted in good faith, but are instituted solely for the purpose of annoying and harassing defendants." After hearing on the bill and answer, the chancellor concluded that appellant was not entitled to equitable relief and entered a decree nisi, directing that the bill be dismissed. Exceptions filed by appellant having been dismissed by the court en banc and a final decree dismissing his bill having been entered, he has taken this appeal.

The chancellor found, inter alia, that during the course of the building operations appellees furnished appellant with copies of all settlement sheets and that they supplied him with full and complete accountings, showing all items of receipt and disbursement; also that no expenditures were made except upon vouchers signed by appellant, who signed no documents without an exact knowledge and understanding of their contents. He found further that, after the institution of his first action at law, appellant requested and was given access to, and through his then counsel and a certified public accountant made a full, complete and extensive audit of, all the books and records in appellees' possession pertaining to the building operations, which audit resulted in a determination that there were no moneys

whatever due appellant. Accordingly, the chancellor concluded that appellant is neither in need of, nor entitled to, equitable aid, and that "justice does not require that [appellees]˙be further harassed."

In view of these findings of the chancellor, and others, all of which were expressly adopted by the court en banc and, as they are amply sustained by the evidence, are conclusive and binding upon us *(Morris v. Featro et al.,* 340 Pa. 354), this appeal cannot be sustained. It is a well settled principle applicable to bills of discovery that such a bill "cannot be maintained to discover matter whereof complainant has the same means of information as defendant": 18 C. J. p. 1067. See also *Kane v. Schuylkill Fire Ins. Co.,* 199 Pa. 198; *Franz v. Bernhard,* 58 Pa. Superior Ct. 519. "A bill of discovery in aid of an action at law is an equitable remedy to enable a litigant to obtain, prior to trial, such information as is in *exclusive* possession of the adverse party and is necessary to the establishment of the complainant's case": *Yorkshire Worsted Mills v. National Transit Co.,* 325 Pa. 427, 428.

Decree affirmed at appellant's cost.