## City of Philadelphia v. Westinghouse Electric & Manufacturing Company

*Abraham Wernick* and *Frank F. Truscott*, for plaintiff.

*Saul, Ewing, Remick & Harrison*, for defendant.

GORDON, JR., P. J., September 6, 1945.—This bill in equity is brought by the City of Philadelphia for a mandatory injunction to compel defendant, the Westinghouse Electric Corporation, to comply with the provisions of the so-called Wage Tax Ordinance of December 13, 1939 (Ordinances of 1939, page 656), and its

amendments, which provides for the collection of the tax at the source (section 4, page 660) by requiring employers to deduct the tax from the taxable wages of their employes, and to pay it over to the city as it becomes due. The bill also prays, in the alternative, that defendant be directed to furnish to plaintiff, by way of discovery, information with respect to the names, addresses, wages, etc., of certain of their taxable employes, so as to enable the city to bring proceedings for the collection of the tax directly against those taxables who have not themselves heretofore returned and paid the tax as required by the ordinance. The case was tried, for convenience, together with two others which involve the same fundamental questions (City v. Baldwin Locomotive Works, C. P. No. 2, December term, 1944, no. 1103, and City v. Scott Paper Co., C. P. No. 2, December term, 1944, no. 1282) and in rendering our decision in the latter cases, we will merely note such factual differences as may exist between them and the instant case, and incorporate by reference in them our present discussion of the questions common to all the cases.

The controlling facts are few, and are not in serious dispute between the parties. The Wage Tax Ordinance of 1939, supra, imposes a tax of $1\frac{1}{2}$ percent (now one percent) upon the wages or salaries, wherever earned, of residents of the city, and also upon all salaries or wages earned within the city limits regardless of the place of residence of the person whose wage is taxed. The validity of the tax imposed by this ordinance is not challenged in the present proceedings, since that question has already been considered, and the power of the city to impose the tax sustained, by our Supreme Court in Dole v. Philadelphia et al., 337 Pa. 375, and Butcher v. Philadelphia et al., 333 Pa. 497. Section 4 of the same ordinance provides for the collection of the tax at the source; and it is the failure and refusal of defendant company, which employs at its various plants, lo-

cated both in and outside the city, a large number of persons subject to the tax, to deduct and pay the tax over to the city in the case of residents employed by it beyond the city limits which has given rise to this litigation. The principal questions presented for our consideration are first, whether those who employ outside of the city persons liable for the tax are required by section 4 of the ordinance to act as tax collectors of it at the source, and second, whether, if the section does require such taxes to be so collected by the employer, defendant, a Pennsylvania corporation, whose "home" or "main office" is in Pittsburgh, is, because of the business it does and the organization it maintains in Philadelphia, to be considered as present and subject to the jurisdiction of council and amenable to the ordinance as a piece of local municipal legislation. From the pleadings, testimony and stipulations of counsel we make the following findings of fact in the case:

*Findings of fact*

1. Plaintiff is a municipal corporation of the first class of the Commonwealth of Pennsylvania.

2. Defendant, Westinghouse Electric Corporation, is a Pennsylvania corporation.

3. From January 1, 1940, to the present time defendant, in the course of its business, has occupied an entire building at Thirtieth and Walnut Streets in the City of Philadelphia, where it maintains a district sales office, and performs repair work to small apparatus brought in for repairs, and also maintains a warehouse, where it keeps many of its trucks used in connection with its operations at Thirtieth and Walnut Streets aforesaid. In addition, defendant occupies an entire building at Forty-ninth Street and Gray's Ferry Road in the City of Philadelphia, where, for more than four years, it has manufactured switchboards. The defendant also owns, and for more than 12 years has operated, a subsidiary known as "Westinghouse Electric

Supply Company" at Tenth and Race Streets in the City of Philadelphia, where it maintains a warehouse for the supply organization, supplying small apparatus to its Middle Atlantic sales districts, which comprise the States of New Jersey, Pennsylvania, Delaware, and Maryland. Defendant also maintains bank accounts in the City of Philadelphia.

4. In its operation of the aforementioned places of business in the City of Philadelphia defendant employs approximately 1,400 persons. With respect to said employes defendant has, since the passage of the City Wage Tax Ordinance of December 13, 1939, and in obedience thereto, regularly deducted the city wage tax from the wages or compensation paid to said employes and has returned and paid the same over to the receiver of taxes of said city, as required by the said ordinance and the rules and regulations promulgated by the receiver under authority thereof.

5. Defendant also operates a plant in Lester, Delaware County, Pa., where it employs approximately six thousand persons who are residents of the City of Philadelphia, and whose wages, earned at the said plant in Lester, are subject to the city wage tax ordinance aforesaid. No payroll records of employes of defendant who work at its plant at Lester, Delaware County, Pa., are kept within the County of Philadelphia, and all such employes are paid in cash at Lester.

6. The Philadelphia Wage Tax Ordinance of December 13, 1939 (Ordinances of 1939, page 660), and its amendments, provides in section 4 thereof as follows:

"Sect. 4. *Collection at Source.* Each employer within the City of Philadelphia who employs one or more persons on a salary, wage, commission or other compensation basis shall deduct, monthly or more often than monthly, at the time of the payment thereof, the tax of one and one-half per centum of salaries, wages, commissions or other compensation due by the said em-

ployer to the said employee and shall, on or before the fifteenth day of the month next following the said deduction make a return and pay to the Receiver of Taxes the amount of tax so deducted. Said return shall be on a form or forms furnished by or obtainable from the said Receiver of Taxes and shall set forth the names and residence of each employee of said employer during all or any part of the preceding month, the amounts of salaries, wages, commissions or other compensation earned during such preceding month by each of such employees, together with such other pertinent information as the Receiver of Taxes may require: *Provided, however,* That the failure or omission by any employer, either residing within or outside of the City, to make such return and/or pay such tax, shall not relieve the employee from the payment of such tax and the compliance with such regulations, with respect to making returns and payment thereof, as may be fixed in this ordinance or established by the Receiver of Taxes."

7. Section 6(*A*) of the same ordinance (page 661) empowers the receiver of taxes to promulgate and enforce rules and regulations for the enforcement of said ordinance in the following language:

"Sect. 6. *Enforcement; Rules and Regulations; Inquisitorial Powers of the Receiver of Taxes.*

"*A.* The Receiver of Taxes is hereby charged with the enforcement of the provisions of this ordinance, and is hereby empowered to prescribe, adopt, promulgate and enforce rules and regulations relating to any matter or thing pertaining to the administration and enforcement of the provisions of this ordinance, including provision for the reëxamination and correction of returns and payments alleged or found to be incorrect or as to which an over-payment or underpayment is claimed or found to have occurred."

8. In exercising the powers conferred upon him by the sections of the ordinance hereinabove quoted, the

receiver of taxes promulgated an elaborate system of rules and regulations, in article IV-1 of which he directed that "The tax shall be deducted by the employer . . . (b) from salaries paid to employees resident in the City of Philadelphia regardless of the place where the services are rendered, except that if the employer maintains a separate branch office, store, or other place of activity outside the City of Philadelphia and in said branch, office, store, or other place of activity maintains separate payroll records for all employees of said branch, office, store or other place of activity and prepared a separate payroll at (sic of) said employees, no deduction need be made from such employees at such separate place."

9. After the beginning of this suit, that is to say, on July 12, 1944, the receiver of taxes amended the regulations set forth in our preceding finding so that the said article IV-1 of the regulations promulgated by him under authority of the said ordinance of December 13, 1939, now provides as follows:

## ARTICLE IV-1

### Collection of tax at source

"It is the duty of each employer (as hereinbefore defined) who employs one or more person on a salary, wage, commission or other compensation basis, to deduct monthly or more often at the time of the payment of such compensation the tax imposed under the Ordinance of December 13, 1939, as amended, upon such salary, wage, bonus, incentive payment, commission or other compensation due by said employer to said employee. The tax shall be deducted by the employer from (a) all compensation paid to non-resident employees for activities in the City of Philadelphia, and (b) from salaries paid to employees resident in the City of Philadelphia regardless of the place where the services are rendered. However, the mere fact that the tax is not withheld will not relieve the employee from responsi-

bility of filing a return and paying the tax on the compensation received."

10. From the date of the passage of the ordinance of December 13, 1939, to the date of the beginning of this proceeding, defendant did not deduct from the compensation paid by it to residents of the City of Philadelphia employed at its Lester, Pa., plant, the amount of the tax imposed by said ordinance upon said compensation, or make return and pay the same over to the city. Defendant's failure theretofore to so deduct and return the tax appears to have been due primarily, if not wholly, to the foregoing regulation adopted by the receiver of taxes and the action of the receiver in thereby notifying and instructing defendant and all other employers in the same position that it and they "need not" make the said deduction from the wages of such employes.

11. Since the filing of the bill of complaint in this case, defendant has refused, and still refuses, notwithstanding the demand made by plaintiff in said bill, to deduct, return and pay over to the Receiver of Taxes of Philadelphia the amount of the city wage tax due upon the compensation paid by it to those of its employes at Lester, Pa., who are residents of the City of Philadelphia, or to disclose to the receiver of taxes the names and addresses of, and wages received by, such employes.

12. Defendant owns and possesses in the City of Philadelphia a substantial portion of its corporate property and transacts a substantial part of its corporate business in said city, and in the prosecution of its said business employs residents of the City of Philadelphia both inside and outside the territorial limits thereof.

13. Although defendant's principal place of business appears to be in the City of Pittsburgh, State of Pennsylvania, where it may be assumed its corporate meetings are generally held, it appears from the ad-

mission of counsel that defendant does occasionally hold and conduct corporate meetings in Philadelphia.

In response to defendant's request, we also make the following finding of fact:

14. On April 18, 1942, Walter Camenisch, deputy receiver of taxes, wrote a letter to defendant reading in part as follows:

"This department is charged with collecting the wage tax from the residents of the City of Philadelphia as well as from nonresidents who are employed within the City of Philadelphia. In the case of residents of Philadelphia who are employed within the City of Philadelphia, our problem is comparatively easy, for the reason that the ordinance requires the employer to withhold the tax, but our problem is more difficult where residents of the city are employed outside of the city. There the employer is not required to withhold the tax. Therefore, we have been soliciting employers within close proximity of the city to assist us in this matter."

## Discussion

In considering the questions presented for our determination in this litigation, it should be borne in mind that the validity of the tax imposed by the ordinance before us on the salaries of residents of the city who earn their wages by work performed outside the city limits is not before us. There is no controversy as to whose wages are taxable under the ordinance. The taxpayers affected by it fall into three categories: First, residents of the city who earn wages in it; second, residents of other jurisdictions who likewise earn wages in the city; and third, residents of the city who earn wages outside the city's limits. The general principles governing the validity of such ordinances are well-recognized and have been definitely settled by a number of decisions both in the United States Supreme Court and our own appellate courts: Shaffer v. Carter, 252 U. S. 37, 64 L. ed. 445, 458; Marson v. Philadelphia

et al., 342 Pa. 369; Dole v. Philadelphia et al., 337 Pa. 375; Butcher v. Philadelphia et al., 333 Pa. 497; Philadelphia v. Schaller, 148 Pa. Superior Ct. 276; Kiker v. Philadelphia et al., 346 Pa. 624. That wages earned by the residents of Philadelphia employed by defendant at its Lester plant are subject to the tax is beyond dispute. The questions raised here involve only these sections of the ordinance dealing with the collection of the tax at the source, which, it is contended by the city, impose upon an employer in the situation of the present defendant the duty of collecting the tax upon the wages of its employes for the benefit of the city. We do not understand defendant to challenge the right of a city to require persons, whether individual or corporate, who are within the jurisdiction of councilmanic power and subject to the operation of its laws, to withhold taxes levied upon moneys paid to others in transactions to which they are parties, and in this manner to make such persons a kind of special tax collectors for the city. In levying taxes for local purposes a municipal legislature is performing one of the primary functions of sovereignty, delegated to it by the State for local purposes, and, in exercising such a governmental power, those incidental powers that are necessary to render it effective impliedly pass with it, if not expressly withheld by the legislature. The power to impose the duty of collecting such a tax at the source is, we think, one of those incidental powers. Indeed in Butcher v. Philadelphia et al., 333 Pa. 497, the Supreme Court, in a per curiam opinion sustaining the validity of the Ordinance of 1939, seems to have grounded its decision in part at least upon the assumption that the tax would be collected at the source. Whether this indicates a view that collection at the source is essential to sustaining the ordinance we doubt. It clearly implies, however, that a provision to that effect would not only be valid but also effective to render its enforcement uniform and fair.

The power of council to impose the duty of collecting the tax at the source upon employers within its jurisdiction being undoubted, this particular defendant seeks to evade that duty by contending that its activities within the city limits are not sufficient to justify its being considered as corporately present and subject to the operation of the ordinance. The individual citizen and resident of the city is undoubtedly bound to deduct the tax whenever both he and the employe to whom he pay the wages are subject to the taxing ordinance, whether the services for which the wages are paid are performed within or without the city's limits. It is only when the wages are not taxable or the person paying them does not, because of nonresidence or for other adequate reason, owe allegiance to the taxing authority that the power to impose the duty of collecting at the source does not exist. Thus in Commonwealth ex rel. v. Sun Oil Co., 294 Pa. 99, it was held that the State may require the treasurer of a foreign corporation doing business here to assess and collect the 4-mills tax on corporate loans held by residents, although the treasurer himself was a nonresident. As was pointed out in that case, the tax was upon the resident owner of the bonds and not upon the corporation. So here, the tax is upon the wage earner and not the employer, and no taxpayer can complain that, although the tax is due, he is thereby deprived of the opportunity to pay it. When the corporation called upon to pay it has come into our jurisdiction and is enjoying the benefits of our local municipal government, it will not be permitted to withhold the same obedience to local laws that is due from all citizens and residents of the governmental locality. Whenever the tax is due, and the person directed to withhold it owes obedience to the taxing authority, the duty to do so exists, so long as the individual taxpayer is given the opportunity, as is the case here (Ordinance of 1939, sec. 10, p. 663) to secure a refund of taxes wrongfully or mistakenly withheld: Dole v. Philadelphia et al., 337 Pa. 375; 61 C. J. 1086.

It is true that in the last-cited case, which was affirmed by the Supreme Court on the opinion of President Judge Oliver of the lower court, the opinion adopted by the Supreme Court seems to assume that the ordinance before us does not impose the duty to collect the tax at the source in situations such as the present and, inferentially at least, implies that an attempt by council to put such a duty upon a corporation in the position of this defendant would be ultra vires and ineffective. In the Dole case, however, the precise question here presented was not before the court, and the assertion that the validity of the ordinance might be questionable if it attempted to impose such a duty upon foreign corporations doing business here and employing Philadelphians outside the city's limits, was only made arguendo. In such circumstances we are not persuaded either that the same learned author of that opinion would have followed his semi-obiter dictum had the question been directly raised before him, or that the Supreme Court, in adopting the opinion of Judge Oliver, intended to conclusively accept and declare as its settled judgment everything that was said in it by way of argument upon questions not necessarily in issue in that case.

That defendant is actually present and doing business in Philadelphia upon such a scale as to render it subject equally with all other citizens and residents of the city to municipal laws cannot be seriously disputed. It maintains here by itself, or through its subsidiary, a distributing center and at least three plants where various phases of its business is carried on, in which it employs more than a thousand persons, all subject to the tax, and it has regularly collected and returned the tax upon the wages paid to them, thus acknowledging its subservience to the very ordinance which it here claims it is not bound to recognize and obey with respect to other taxpayers merely because it chooses to employ and pay beyond the physical boundaries of the

city. In this situation, where both the employer and the employe are subject to the taxing law, the mere place where the services are performed giving rise to the wages taxed, which in no way affects their taxability, furnishes no reasonable ground, in our judgment, for denying the right of the city to require such taxes to be collected at the source. Nor does the fact that the employer chooses to keep its payrolls and pay its employes outside the city alter the situation, for to so hold would put it in the power of one otherwise subject to the law to evade it at his pleasure for reasons of convenience or caprice.

Being of opinion that the city has the power to require an employer present and subject to the jurisdiction of the council to collect the wage tax at the source from residents of the city employed and paid by him outside the city, the question arises whether section 4 of the wage tax ordinance before us does require this defendant, who is such an employer, to do so with respect to residents of Philadelphia employed by it at its plant in Lester, Pa., or elsewhere outside of the city. That section provides that "Each employer within the City of Philadelphia who employs one or more persons on a salary, wage, commission or other compensation basis, shall deduct . . . at the time of the payment thereof" the tax on the salary, wage, etc., "and . . . return and pay to the Receiver of Taxes the amount of tax so deducted . . ." Do the words here used, "each employer within the City", connote an employer who is present, within the city's jurisdiction, and hence subject to municipal legislation, or are they intended to be descriptive only of an employer when he is acting as such within the city's limits? If the former, the ordinance requires the defendant to deduct the tax from the wages it pays to its taxable employes at Lester as well as in Philadelphia; if the latter, it is not obliged to do so. While the narrower interpretation might conceivably be given to the language used, there

# 356

is nothing in the obvious purpose to be served by a provision for the collection of such a tax at the source to justify a conclusion that council intended to forego the advantages of that method of tax collecting with respect to the revenues reasonably to be expected from so large and important a proportion of the total wage taxable under the ordinance. Having determined upon a system of collecting at the source it is altogether unlikely that council intended to make so unnecessary, inequitable. and costly a distinction in its application, and as the language employed clearly lends itself to the broader and more liberal interpretation, without extending in any way the incidence of the tax, we have no hesitancy in adopting the broader construction. To apply the more limited interpretation would only serve to diminish the ultimate return of revenues to the city, by enormously increasing the cost of collection, as well as to facilitate and encourage tax evasion.

Having reached the conclusion that the ordinance requires employers subject to its mandate to deduct the tax from wages paid to residents of the city wherever they may be employed, and that defendant is such an employer, the only questions remaining to be considered are the nature and extent of the relief to be granted to plaintiff. The difficulty in this phase of the case arises from the fact that, in promulgating under authority of the ordinance rules and regulations for its enforcement (section 6-A, page 661), the receiver of taxes adopted a regulation in which he, in effect, notified employers that "the tax shall be deducted by the employer . . . (b) from salaries paid to employes resident in the City of Philadelphia, regardless of the place where the services are rendered, except that if the employer maintains a separate branch, office, store or other place of activity outside the City of Philadelphia, and in said separate branch, office, store or other place of activity maintains separate payroll records for all employees of said branch, office, store or other place of activity, and

prepares a separate payroll at (sic of) said employees, no deduction need be made from such employees at such separate place". Here we have an apparent waiver by the receiver of the duty imposed by the ordinance to collect at the source in favor of employers in the position of this defendant, to keep separate records and pay at the plants outside the city for Philadelphians employed at such plants. Whether he adopted this exception because he understood the ordinance to exempt such employers from the duty, or arbitrarily as a matter of convenience and to avoid friction in enforcing a new and untried method of taxation and tax collection, as is asserted by the city solicitor, is not clear from the record. The fact that the exemption applies only to those who both pay and keep records outside strongly negatives the conclusion that the receiver so construed the ordinance, for he did not also include employers who do not keep separate records or who pay off such employes inside the city, and there is no justification for so narrow a classification in the language of the ordinance itself. In addition the authority given the receiver to adopt regulations for the enforcement of the ordinance did not empower him to waive or set aside any of its provisions, and in viewing the regulation as a temporary device to facilitate enforcement we avoid imputing to the receiver a purpose to exceed his authority. Since the hearing in this case the receiver has amended the regulation and removed this exception from it, the validity of which is highly questionable, and all employers within the municipality's jurisdiction are now clearly required by the new regulation to collect the tax at the source from all their taxable employes regardless of where the services are rendered or what form of records the employer chooses to keep for his own convenience. Plaintiff is, therefore, entitled to a decree directing defendant to account to the receiver of taxes as the appropriate official of plaintiff for all taxes that became due under the wage tax ordinance

in question and the regulation adopted by the receiver of taxes on July 12, 1945, upon the wages, salaries, etc., of his taxable employes earned between the said July 12, 1945, and the date this decree becomes effective, wherever the same may have been earned, and also to continue hereafter collecting said tax at the source from its said taxable employes so long as the said ordinance and regulation remain in force and effect.

With respect to the taxes that defendant did not collect at the source prior to July 12, 1945, when the present regulation went into effect, we think it is clear that plaintiff is not entitled to an accounting. Whether or not the former regulation was within the scope of the regulatory power given to him by the ordinance, the fact is that he did promulgate it under color of an assumed authority, and by doing so he expressly invited defendant and similarly situated employers not to deduct and return the tax. When, therefore, in reliance upon what amounted to an official instruction not to collect it, defendant in good faith paid its employes their full wages without deducting the tax, obvious principles of estoppel prevent the city from demanding that defendant pay the amount of the tax a second time to it. As to those taxes the action of defendant in paying them over to the employes who earned them as part of their wages was induced by the receiver of taxes, and the city cannot justly complain that defendant obeyed the instructions to that effect of its own official.

The fundamental correctness of this conclusion is impliedly acknowledged by plaintiff in asking for the accounting only from the date of the beginning of these proceedings. This seems to have been done upon the theory that, the first and only formal demand contrary to the instructions in the regulation having been given to defendant by the city through the prayers of the bill, defendant was bound to immediately begin to

collect the tax at the source. There might be some force to this position had the receiver amended his regulation simultaneously with the filing of the bill. Instead of doing that, he continued the old permissive regulation in force. In that situation we do not think defendant was obliged to take any affirmative action altering its former conduct in the matter, or at least is not to be penalized for continuing to comply with the still-existing regulation. When, however, the regulation was amended on July 12th, and a definite demand was made upon defendant to thereafter obey the ordinance, it should have immediately complied, at least to the extent of withholding the tax pending a final decision in this case, under suitable arrangements for the protection of itself, the city, and the taxpaying employes.

Although the city is not entitled to a decree for an accounting for the taxes not collected by defendant before July 12, 1945, we think it is entitled to a disclosure by defendant of the names, addresses, dates of employment of, and wages paid to, residents of Philadelphia employed by it at its plant at Lester, Pa., or elsewhere outside the city prior to that date. What the city is asking alternatively by way of discovery in this connection will neither cause any financial loss to defendant, such as an accounting would, nor subject it to any unreasonable expense or inconvenience. It has already, during the same period, made returns containing the same information to the Federal Government for tax purposes, and to give access to its copies of those returns and such of its other records as may be necessary to enable the city to discover and proceed by suit against any defaulting taxpayers among its employes will impose no real hardship upon defendant. There are no principles of estoppel, therefore, to bar the city's right to such a discovery.

Defendant resists giving that information, however, upon the ground that equity will not lend its aid to a mere "fishing expedition" and will not give discovery

against one who is a mere witness, but will compel it only from an adverse party to a pending or prospective litigation: Fenerty v. Duffin et al., 347 Pa. 497; Meltzer v. Kushin et al., 342 Pa. 84; Kane v. Schuylkill Fire Ins. Co. (No. 1), 199 Pa. 198; Franz v. Bernhard, 58 Pa. Superior Ct. 519; Yorkshire Worsted Mills v. National Transit Co., 325 Pa. 427; 18 C. J. 1067. While this is the general rule, it is subject to a number of definite exceptions, of which we think the present situation is one. Thus, in Compton, Trustee, v. International Harvester Co., 297 Pa. 462, certain property had been allegedly removed by agents or employes of defendant, and in sustaining a bill of discovery in an attempt to determine the name of said agents and employes, our Supreme Court said (p. 467):

"While a bill is not allowed as a fishing expedition, we are not satisfied that such is the case here. If any servants of the corporation did actually participate in the wrongful removal of property, they would themselves be parties to the trespass, and the right to maintain a bill to discover the identity of contemplated defendants has been frequently recognized."

In Brown v. McDonald et al., 133 Fed. 897, a receiver of a defunct corporation was allowed to maintain a bill against a stock broker to discover the owners of stock of the company against whom he desired to proceed for the collection of an assessment due on the stock. (See also Kurtz v. Brown, 152 Fed. 372; Huey et al. v. Brown, 171 Fed. 641, where the names of undisclosed purchasers of stock of insolvent corporations were held discoverable from their brokers.) In three cases from other jurisdictions, States or other local governmental divisions have been granted similar discovery from persons not themselves liable in order to enable suits to be brought for the enforcement of tax laws: Dallas Joint Stock Land Bank v. Rawlins et al., 129 S. W. (2d) (Tex. 1939), 485; Post & Co. v. Toledo, Cincinnati and St. Louis R. R. Co. et al., 144 Mass. 341;

Coca-Cola Co. et al. v. Atlanta, 152 Ga. 558. In the last cited case the court said (p. 566) :

"Judge Cobb speaks of our laws for enforcing the payment of taxes as machinery, and when in operation as 'proceeding'. The purpose of the petition in this case is to uncover properties alleged to be liable for taxes, in order that other proceedings may be brought to subject them to the payment of taxes due on them. This petition seeks no recovery of taxes, but is in aid of and ancillary to other proceedings to be brought for that purpose. Without this preliminary relief, the other proceedings cannot be brought, and the municipality must fail in its efforts to collect the taxes on these shares. Discovery is a favored jurisdiction of equity, and it will not be denied where the effect of such denial will be to defeat public justice, unless the plain letter of the law so demands. That the relief prayed is within the letter of our law as well as its spirit, we entertain no sort of doubt. The petitioner being entitled to the discovery prayed, there is no merit in the contention that the plaintiffs in error are mere witnesses."

The conclusion is clear from a study of these authorities and the many others referred to in them that, although equity will not grant discovery against a mere witness, especially when the party seeking it has equal access to the witness or evidence with his adversary in the litigation sought to be aided, it will do so whenever there are definite elements of connection or relation between defendant and the party proposed to be sued (such as interest, privity, the public welfare and their mutual creation of the evidence sought), which tends to destroy the equality of access and renders it equitably fair and right that the relief should be given and defendant required to make disclosure. Many of such elements are present in the case before us. The wages taxed were created by private contracts of hiring between defendant and its employes, the identity and residences of whom and the terms of their hiring, which

are practically secret, are discoverable, otherwise than from defendant, only by a costly, if not an economically prohibitive, investigation; the ordinance itself requires the information asked for to be given along with the collection of the tax at its source; the information is sought, not to subserve a private, but a public interest, in the advantages that flow to all citizens from a more economical, just and complete collection of the tax.

These are only a few of the very apparent elements which take the case out of the general rule urged upon us by defendant, among which we think the duty defendant as an individual owes to Government is of the first importance. There is no right in the citizen to withhold assistance and information, which cannot injuriously affect him, from the agencies of government charged with the enforcement of law. On the contrary, while one may not always be punishable for not volunteering such information, good citizenship calls for a willingness to so coöperate with Government; and he who captiously refuses to give information when it is requested not only fails in his public duty, but also invites wonder as to what possible motives he might have for such a refusal, except perhaps a fear of intimidation by tax-evading employes or a desire to abet others in tax evasions—the last of which we find it difficult to attribute to defendant. Plaintiff's right to the discovery asked for is, in our judgment, beyond doubt.

For the foregoing reasons we reach the following conclusions of law in the case:

### Conclusions of law

1. Defendant, a Pennsylvania corporation, doing business inter alia in the City of Philadelphia, is an employer within the said City of Philadelphia within the meaning of the so-called City Wage Tax Ordinance of December 13, 1939, and as such is subject to and owes obedience to the provisions of said ordinance.

2. It is and was from July 12, 1945, the duty of defendant in obedience to section 4 of said ordinance and the rules and regulations promulgated by the receiver of taxes thereunder to deduct from the wages paid to residents of the City of Philadelphia employed by defendant at its plant at Lester, Pa., or elsewhere outside of said city the amount of the tax due thereon under said ordinance to said city, and to make a return thereof and pay over the same to the said receiver of taxes monthly or more often as the said wages became due and payable to said employes. By reason of the failure and refusal of defendant to obey the aforesaid provisions of said ordinance, the City of Philadelphia, plaintiff, is entitled to an accounting from defendant for the amount of the tax which it should have deducted from the compensation paid to said employes and paid over to the receiver of taxes from July 12, 1945, to date.

3. The City of Philadelphia is entitled to a decree ordering and directing defendant to deduct the amount of said tax from the wages payable as aforesaid to said employes and to pay the same over to the receiver of taxes in accordance with the provisions of said ordinance and the rules and regulations promulgated by the receiver thereunder hereafter and so long as said ordinance and regulations, as amended from time to time, shall remain in full force and effect.

4. Plaintiff, the City of Philadelphia, is also entitled to a decree ordering and directing defendant to disclose and make discovery to the said city of the names, addresses and dates of employment of and compensation paid to any and all residents of said city who were employed by it at its plant in Lester, Pa., or elsewhere outside of said city prior to July 12, 1945.

Accordingly, we now enter the following decree nisi in the case:

*Decree nisi*

And now, to wit, September 6, 1945, this case having come on to be heard upon bill, answer and proofs, upon consideration thereof it is

*Ordered and decreed*

1. Defendant, Westinghouse Electric and Manufacturing Company, now known as Westinghouse Electric Corporation, shall forthwith discover, disclose and make known to plaintiff, the City of Philadelphia, or the receiver of taxes thereof, the names, addresses and dates of employment of, and the salaries paid to, all persons resident of the City of Philadelphia and employed by it at its plant at Lester, Pa., from and after January 1, 1940, until July 12, 1945, together with such additional information contained in the records of said defendant as may be reasonably necessary and requested by the receiver of taxes of plaintiff city to enable the said city to proceed for the collection of such taxes due under said ordinance upon the salaries paid by defendant to said employes during the period herein specified.

2. Defendant shall forthwith account and pay over to the receiver of taxes as the appropriate official of plaintiff city for all taxes that became due under the said Wage Tax Ordinance of December 13, 1939, and its amendments and the regulations adopted by the receiver of taxes thereunder on July 12, 1945, upon the wages, salaries, commissions or other compensation of its said taxable employes earned between July 12, 1945, and the date this decree becomes effective, wherever the same may have been earned outside the City of Philadelphia, and defendant shall also continue hereafter collecting the said tax at the source from its said taxable employes so long as the said ordinance and its amendments and the regulations adopted and promulgated by the receiver of taxes thereunder remain in full force and effect.

3. Defendant shall pay the costs of this proceeding.

The prothonotary will enter this decree nisi and give notice thereof to the parties or their attorneys, and unless exceptions thereto are filed within 10 days either party may present a form of final decree to be entered in the case.