## Yoffee, Admr., v. Pennsylvania Power & Light Company

*Compton, Handler & Berman,* for plaintiff.

*Hull, Leiby & Metzger* and *Hurwitz, Klein, Meyers & Benjamin,* for defendant.

NEELY, J., September 8, 1953.—This is an action in trespass brought by the administrator of the estate of Morris B. Levitz, deceased, to recover damages for decedent's death. By the amended complaint plaintiff claims that defendant maintained an electric transmission line across the Susquehanna River and decedent was killed in an accident when he piloted his airplane into contact with this line. Plaintiff claims that defendant was negligent.

Each of the parties has filed a petition for discovery by interrogatories attached to the petition, and each has filed preliminary objections to the adversary's interrogatories. Some of the interrogatories of both plaintiff and defendant are unchallenged. Both parties concede that each is entitled at least to a limited discovery. And because we think that discovery should be allowed as to some of the challenged interrogatories and disallowed as to others, we cannot sustain either of the preliminary objections. We will, however, consider the interrogatories and the objections thereto and instruct the parties whether discovery is permitted as to each particular interrogatory.

Discovery is here asked under Pa. R. C. P. 4005 as limited by rule 4011 (*c*) and (*e*). It will be observed that in rule 4001 it is provided that the rules pertaining to discovery govern both actions at law and in equity. Discovery is not granted as a matter of right, but in the discretion of the court where the need is shown. The correct rule with respect to discovery is stated by Mr. Justice Chidsey in Lomish v. Morris Nimelstein Sportswear Company, Inc., 367 Pa. 393, 396-97 (1951), as follows:

". . . Discovery being an equitable remedy and having a salutary effect upon the administration of justice . . . , is dependent upon a *prima facie* showing of necessity. The relief is not to be granted as a matter of right. Much must be left to the discretion of the chancellor before whom the matter is presented."

To the same effect also see Peoples City Bank v. John Hancock Mutual Life Insurance Company, 353 Pa. 123 (1945); Kuhlman Electric Co. v. Donegal Manufacturing Corp., 81 D. & C. 12 (1952).

This court in Drawbaugh, Administratrix, v. Pennsylvania Power & Light Company, 84 D. & C. 209 (1952), recognized that the Rules of Civil Procedure pertaining to discovery should be construed liberally, and we adhere to such interpretation of the rules.* In our liberality of construction, however, we must construe rule 4005 as limited, inter alia, by rule 4011 (*c*), which latter rule provides that:

"No discovery . . . shall be permitted which . . .

"(c) would disclose facts . . . which

(1) are not relevant . . . ;

(2) are not competent or admissible as evidence;

(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner;"

And by rule 4011 (*e*), which denies discovery that: "would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain

---

* It is to be noted that in the Drawbaugh case we permitted discovery where defendant's transmission line was out of existence at time suit was brought. Discovery was necessary to determine the exact location of the line at the time of the accident. Such a situation does not here exist since the location of this line is known.

any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses;"

We will now endeavor to apply these principles and rules to the particular interrogatories attached to the petitions of the parties in this proceeding. We will consider first plaintiff's interrogatories.

Plaintiff's interrogatories 1 to 6 seek to ascertain whether defendant has had conferences with representatives of either the Civil Aeronautics Administration, the Pennsylvania Aeronautics Commission, or other regulatory agency, regarding the transmission line involved in this action, and if such conferences were held asks (a) when they were held; (b) where they were held; (c) who attended on behalf of the Pennsylvania Power & Light Company and of the other party; (d) what was discussed at each such conference; (e) whether there are notes, reports, memoranda, minutes, correspondence or other writing in the possession of Pennsylvania Power & Light Company regarding those conferences; (f) if the answer to (e) is in the affirmative, "state where they are and in whose care or custody they are"; (g) whether any person or entity besides Pennsylvania Power & Light Company may have copies of such writings, and (h) if the answer to (g) is in the affirmative, "state the names and addresses of all such persons."

In Anderson's Pennsylvania Civil Practice, vol. 5, page 343, it is stated that:

"Discovery is limited to those matters which the moving party will be required to plead and to prove affirmatively at trial."

*The information sought must not only relate to petitioner's claim or defense, but must also be necessary in order to plead or prove that claim or defense at the trial.* See Meltzer v. Kushin et al., 342 Pa. 84 (1941);

Yorkshire Worsted Mills v. National Transit Company, 325 Pa. 427 (1937) ; United States Gypsum Company v. Birdsboro Steel Foundry & Machine Company (No. 2), 50 D. & C. 540 (1943) ; Reed v. The Farmers National Bank of Watsontown et al., 63 D. & C. 591 (1948) ; Fitzgerald v. Pennsylvania Railroad Company, 59 Dauph. 98 (1948).

The question, then, is whether the information requested in these interrogatories is necessary in order to plead plaintiff's case or prove the same at the trial, bearing in mind the proscription of rule 4011 (c) that no discovery is permitted which would disclose facts not relevant and not competent. Much of the information sought in this series of inquiries would be incompetent and inadmissible in evidence, and discovery is therefore not permitted as requested in plaintiff's interrogatories 1 to 6.

For another reason these interrogatories 1 to 6 cannot be allowed. They seek to elicit information about memoranda, statements, reports and other data that may have been obtained subsequent to the date of this accident and in preparation for the trial of this case, in which event discovery is expressly forbidden under rule 4011 (e). The authorities hold that in order to have discovery, there must be some necessity for the party seeking discovery to have the knowledge which he seeks, i.e., it must be necessary to obtain such information in order that the party might plead his case or make out a prima facie case: Kuhlman Electric Co. v. Donegal Manufacturing Corp., supra; Fratkin, etc., v. Wolfe et al., 78 D. & C. 427 (1952) ; Viscusi v. Pidgeon, 80 D. & C. 574 (1952) ; Singer et vir v. Kitty Kelly Market Street Corporation, 81 D. & C. 383 (1952).

It would seem to us that plaintiff is capable, without the requested discovery in interrogatories 1 to 6, of proving the construction of the line described in the

complaint. The knowledge and notice of defendant as to the existence and maintenance of this line is susceptible of proof without reference to any conferences defendant may have had with any State or Federal officials or regulatory bodies. Therefore, it seems to us that it is not only incompetent and inadmissible at the trial, but it is wholly unnecessary as an aid to the preparation of plaintiff's case either for the purpose of pleading or for trial.

Defendant has no objection to interrogatory 7, and accordingly we direct that the same be answered. Plaintiff's interrogatories 8 and 9 seek information as to what consideration was given by defendant to marking the line and the surrounding area so as to make its location known to airplane pilots. Defendant is not required to answer these interrogatories. Actually, the inquiries concern the deliberations of defendant and the intention and state of mind of its officers, agents and employes, and in this respect are objectionable as being wholly irrelevant and immaterial. In Federal court where great liberality is permitted under their discovery rules, opinions, conclusions or deliberations of the parties are not the subject of discovery: see Moorman v. Simon, 8 F. R. D. 328 (1947) ; Caggiano v. Socony Vacuum Oil Co., 27 F. Supp. 240 (1939) ; U. S. v. Columbia Steel Co. et al., 7 F. R. D. 183 (1947).

Finally, plaintiff's interrogatories 10 to 15 request discovery as to who, on behalf of defendant at the time of construction of the line or subsequent thereto, determined whether or not to mark the transmission line. How this can be an aid to plaintiff in pleading or making out a prima facie case it is difficult to see. The simple question is whether or not the transmission line was marked, and plaintiff in his sixteenth interrogatory requests this information as follows: "When and

what means did Pennsylvania Power & Light Company use so as to mark the said electric transmission line and the surrounding area so as to make the location of said line known to airplane pilots?" We direct the sixteenth interrogatory be answered in full.

Therefore, it is our conclusion that plaintiff's request for discovery as to interrogatories 1 to 6 inclusive be disallowed; that discovery be permitted as to interrogatory 7; be disallowed as to interrogatories 8 to 15 inclusive; and be allowed as to interrogatory 16.

We will now consider defendant's interrogatories. Plaintiff has no objection to interrogatories 1 to 4 inclusive, and therefore discovery should be permitted as to them. As to interrogatory 5, which makes inquiry concerning prior accidents, inasmuch as plaintiff in his amended complaint pleads prior accidents, and he may have information concerning such accidents which defendant does not possess, we think discovery should be allowed as to this interrogatory. Defendant's inquiry in interrogatory 6, in requesting discovery from plaintiff as to the particular type of airplane involved in prior accidents, is disallowed. The competence and relevance of such testimony is dubious. The names and addresses of witnesses in these prior accidents should be given as requested in interrogatory 7.

Discovery is denied as to defendant's interrogatories 8 to 11, inclusive, requesting information concerning State or Federal legislation and regulation. The facts to be elicited in these interrogatories are equally available to both plaintiff and defendant. Defendant's interrogatories 12 and 13, seeking information as to whether "there are any electric lines anywhere, over land or water, marked for the purpose of giving notice to aviators of their presence in the air" are disallowed because obviously irrelevant, incompetent and immaterial.

In view of the foregoing, discovery is permitted in response to defendant's interrogatories 1 to 5 inclusive, is disallowed as to interrogatory 6; is permitted as to interrogatory 7, and disallowed as to interrogatories 8 to 13 inclusive.

And now, September 8, 1953, upon consideration of the petitions of the parties and the accompanying interrogatories, it is hereby ordered and decreed that defendant shall make answer under oath to plaintiff's interrogatories 7 and 16 through its officers, agents, servants, or employes who are in possession of the material necessary for such answer; and that plaintiff shall make answer under oath to defendant's interrogatories 1, 2, 3, 4, 5 and 7; such answers to be made within 20 days from the date hereof. The other interrogatories are herewith disapproved and need not be answered by either plaintiff or defendant herein.