## Pennsylvania Manufacturers' Association Casualty Insurance Company v. Freeman's Dairy

*Butz, Hudders, Tallman & Rupp,* for plaintiff.
*Robert E. Hass* and *Morris Efron,* for defendant.

HENNINGER, P. J., March 8, 1954. — Plaintiff for many years carried the workmen's compensation insurance for Robert E. Freeman, trading as Freeman's Dairy. The premiums for such insurance are calculated upon an estimated preliminary premium, followed at the end of the policy year by a refund or additional premium based on the difference between the wages actually paid during the policy year and the estimated wages on which the preliminary premium had been paid.

The actual wages were determined by a statement furnished by the insured at the end of the year followed by an audit on the part of insurer. To enable the insurer to complete such an audit, the policies contain this provision:

"Condition E. The Company shall be permitted, at all reasonable times, within the period of this Policy and within one year from the termination of this policy, to inspect the plants, works, machinery and appliances of the Employer, and to examine the books and records of the employer as respects the remuneration earned by the employees of the Employer, and the Employer shall render reasonable assistance."

On March 6, 1951, plaintiff brought suit against defendant by præcipe for summons in assumpsit to recover additional premiums on actual wages paid for the policy years: (1) From April 7, 1944, to April 7, 1945; (2) from April 7, 1945, to April 7, 1946; (3) from April 7, 1946, to April 7, 1947; (4) from April 7, 1947, to April 7, 1948, and (5) from April 7, 1948, to April 7, 1949.

On March 19, 1951, plaintiff filed a petition reciting the contractual relations between itself and defendant during these periods and that defendant refused demands of plaintiff for examination of defendant's books and records, which plaintiff believes would show greatly increased payrolls over the amounts stated and praying the court to order defendant to produce such documents so that plaintiff may prepare its complaint in above-captioned action.

Defendant filed an answer denying that it is a corporation, expressing ignorance as to the identity of the policies, averring that all policies prior to the last had been audited and denying any indebtedness.

The court heard testimony to resolve these disputes of facts and finds: (1) That the policies attached to the

petitions are in fact the policies issued to defendant; (2) that in every year but the last full one and the partial year from April 7, 1948, to December 27, 1948, when the last policy was canceled, plaintiff conducted what audit it desired, billed defendant for what it found due and that defendant paid the amount; (3) that on May 20, 1948, demand was made on defendant for information and he referred plaintiff's representative to defendant's accountant, who refused access to defendant's books without defendant's consent which was never given; (4) that on November 29, 1948, defendant offered plaintiff's auditor various time slips but refused him permission to reconcile them with his ledgers.

Neither party challenges plaintiff's right to discovery for the purpose of preparing pleadings. Discovery under Pennsylvania Rules of Civil Procedure 4001-4025, inclusive, has taken the place of the bill of discovery formerly cognizable in equity: 5 Anderson Pa. Civil Practice 223. Inspection of records was permitted by a bill of discovery: Peoples City Bank v. John Hancock Mutual Life Insurance Company, 353 Pa. 123. It was available to prepare pleadings: Sherwood Bros. Inc., v. Yellow Cab Co., 283 Pa. 488, 491.

Pennsylvania Rule of Civil Procedure 4009 provides as follows:

"Subject to the limitations provided by Rule 4011, the court, on the petition of a party may

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner, of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control."

This rule is general and to be liberally construed (Pa. R. C. P. 126) excepting as it is limited by Pa. R. C. P. 4011, which provides as follows:

"No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(1) are not relevant and material to the subject matter of the pending action;

"(2) are not competent or admissible as evidence;

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner;

"(d) relates to matter which is privileged or would require the disclosure of any secret process, development or reseach;

"(e) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; or

"(f) would require the making of an unreasonable investigation by the deponent or any party or witness."

Testing plaintiff's petition by Pa. R. C. P. 4011 we find that the information is not sought in bad faith, that it ought not to cause defendant unreasonable annoyance, embarrassment, expense or oppression, that the facts sought are relevant, competent and, at least so far as it concerns the period from April 7, 1947, to

December 27, 1948, unavailable to plaintiff and necessary, that it is not secret or privileged, that it was not prepared by defendant in preparation of his case and would not require an unreasonable investigation.

First it should be stated that the evidence taken in support of plaintiff's petition for discovery demonstrates that plaintiff has audited defendant's books for the policy years up to the one ending April 7, 1947. Without now deciding the conclusiveness of these audits as accounts stated or as accord and satisfaction, we believe that that opportunity of audit and the actual audit concludes plaintiff as to the availability of the books for those periods and therefore under Pa. R. C. P. 4011(c) (3) plaintiff is not entitled to discovery as to any such part of its claim: Meltzer v. Kushin et al., 342 Pa. 84, 86; Franz v. Bernhard, 58 Pa. Superior Ct. 519, 520.

We cannot state positively whether the cancellation of the policy beginning April 7, 1948, concluded the parties as to any rights thereunder.

Defendant points, however, to the provision in the policies that plaintiff shall have access to defendant's books during the period of the policy and for one year thereafter and would have us hold that all rights to defendant's books ceased one year after the expiration of each policy.

There are two answers to this contention. The controlling answer is that plaintiff is not seeking its contractual right to inspect but is seeking to enforce a right that the law gives to every litigant when he has a legitimate interest in the accounts of his opponent. The insurance contract spells out the basis for determination of the premium and there is nothing in it that bars suit after one year from termination, so that plaintiff, when it started its action on March 6, 1951, had a valid cause of action.

Had plaintiff had the requisite figures it could have sued for what it claimed and could have subpoenaed defendant's books at trial to prove its case. Under Pa. R. C. P. 4001-4025 and particularly under Pa. R. C. P. 4011 (c) (4) it had the right to discovery of the necessary facts for the preparation of pleadings. The provision in the policy for inspection is a special privilege of inspection; there is nothing in that provision that can be construed to deny plaintiff the privilege that any other litigant might have to aid in preparation of pleadings.

Even if plaintiff were proceeding under the insurance contract, we find that within the year a demand was made for inspection and defendant denied plaintiff the right of full inspection. Defendant, after refusing plaintiff his contractual right during the prescribed period, cannot now set up the contract as a bar to present inspection and discovery.

Now, March 8, 1954, the rule granted March 19, 1951, to show cause why defendant should not be required to produce its books and records with respect to its payroll and remuneration paid to its employes, for inspection and examination by Pennsylvania Manufacturers' Association Casualty Insurance Company, is made absolute insofar as it relates to such payments made between April 7, 1947, and December 27, 1948. The present order shall relate to time slips, ledgers, accounts and other records of defendant showing payments made or credited to such employes and necessary for preparation of pleadings, but not to secondary evidence thereof which may have evidential value at trial but which are not necessary for purposes of pleading. The word "employe" shall include driver-salesmen or driver-purchasers for resale, without prejudice to defendant's right to question his liability for workmen's compensation premiums for such persons. Either

party may demand elucidation of this order or a specification of time, place or items for inspection.